UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:14-cv-02000-JMS-DML |
| ) | |
| ARIANA ZARATE COBIAN, *individually* ) | |
| *and dba El Patron Night Club*, and ) | |
| A&C RESTAURANTS, LLC, *an unknown* ) | |
| *business entity, dba El Patron Night Club*, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ADOPTING REPORT AND RECOMMENDATION**

On February 11, 2016 Magistrate Judge Lynch issued a Report and Recommendation to Dismiss Complaint Without Prejudice. [Dkt. 36.] Her recommendation was based in part on Plaintiff's failure to comply with her January 19, 2016 Order requiring Plaintiff to take action in the prosecution of its claims no later than January 29, 2016. That Order warned: "Should [Plaintiff] fail to do so, the magistrate judge will recommend the dismissal of its complaint without prejudice." [Dkt. 35.] Plaintiff failed to take any action in response to the January 29, 2016 Order. The Report and Recommendation was also based on the pattern of delays and neglect by Plaintiff, and this Court's repeated reminders to Plaintiff about effective service and prosecuting the case.

**I.**
**PROCEDURAL HISTORY**

This case was filed on December 4, 2014. After no proof of service was filed within 120 days, the Court issued its first Show Cause Order on April 17, 2015, stating: "Inasmuch as more than 120 days have passed since Plaintiff initiated this action, Plaintiff must show cause, if any,

1

no later than April 27, 2015 why Defendants should not be dismissed from this action without prejudice under Federal Rule of Civil Procedure 4(m) and this matter closed." [Dkt. 9 (emphasis omitted).] That was followed by a Marginal Entry entered April 28, 2015 which stated "Plaintiff must serve Ms. Membreno within forty-five days and take whatever action it deems necessary with regard to the remaining defendants. Should it fail to do so, its claims will be dismissed without prejudice." [Dkt. 17 (emphasis omitted).] While service was obtained by May 21, 2015, no further action was taken to prosecute the case until August 28, 2015. [Dkt. 20.]

Plaintiff was granted leave to amend its Complaint on September 4, 2015, and the Court ordered that it "promptly must arrange for service of appropriate summonses and the amended complaint on the new defendants." [Dkt. 21.] When no summons had been requested by October 2, 2015, the Magistrate Judge issued another Order to Show Cause requiring Plaintiff to "SHOW CAUSE, in writing, by October 16, 2015, why its complaint should not be dismissed without prejudice because of its failure to comply with the September 4, 2015 order and to serve the new defendants." [Dkt. 23 (emphasis omitted).]

Plaintiff responded on October 15, 2015, blaming "email issues." [Dkt. 24.] Summons were issued on October 16, 2015, and the Show Cause was discharged. [Dkts. 27; 28.] Another month went by with no docket activity, and the magistrate judge ordered a report to be filed regarding service. [Dkt. 29.] The Status Report was vague, saying the summons were with the Marion County Sheriff's Department, [dkt. 30], so the magistrate judge issued an order requiring service to be accomplished by December 11, 2015, [dkt. 31]. The magistrate judge again warned that non-compliance would result in a recommendation of dismissal because Plaintiff had failed to comply with the September 4, 2015 Order, and had failed to prosecute its claims. [Dkt. 31.] At

long last, more than one year after the case was filed, returns of service upon parties whom Plaintiff deemed the correct defendants were filed on December 11, 2015. [Dkts. 32; 33.]

Another month went by without docket activity, so the magistrate judge ordered Plaintiff to "take action in the prosecution of its claims no later than January 29, 2016." [Dkt. 35 (emphasis omitted).] As noted above, that Order also warned of the potential for a recommendation of dismissal.

No action was taken by Plaintiff by January 29, 2016, so, as forewarned, the magistrate judge recommended dismissal without prejudice on February 11, 2016. [Dkt. 36.] On February 29, 2016, eighteen days later, Plaintiff objected to the recommendation. [Dkt. 37.] Plaintiff cited several excuses, including the previous computer issues and a motion that was filed in an unrelated case on January 29, 2016. [Dkt. 37.] It also claimed it timely effected service, and that dismissal was too extreme given the potential impact of the statute of limitations. [Dkt. 37.]

## II.
### DISCUSSION

Federal Rule of Civil Procedure 72(b)(3) provides that the Court will review magistrate recommendations that are dispositive *de novo*. Under *de novo* review, the Court is free to accept, reject, or modify the recommended disposition. Fed. R. Civ. Pro. 72(b)(3). Although no deference is owed to a magistrate judge's recommendation under the *de novo* standard, *Blake v. Peak Prof. Health Servs. Inc.*, 1999 WL 527927, *1-2 (7th Cir. 1999), it is important to remember that this Court is essentially functioning as an appellate court in this context.

The record before the Court establishes that absent Court prodding by way of orders to show cause or the establishment of deadlines, Plaintiff did little to prosecute this action in the 13 months it was pending. Plaintiff was warned no fewer than four times that future inactivity might result in dismissal. On the fourth warning, Plaintiff wholly failed to comply with the magistrate's

3

order to take action to prosecute this matter by January 29, 2016. In fact, it took no action until 19 days after the magistrate judge recommended dismissal, and a full month after Plaintiff had been ordered to prosecute the case.

Such delay and disobedience of the Court's Order, given the similar pattern that preceded it, are sufficient to warrant dismissal. Plaintiff's claim that dismissal is too severe a sanction is not persuasive. *See Long v. Steepro*, 213 F.3d 983, 988 (7th Cir. 2000) ("[A] pattern of delay, non-compliance, or lack of prosecutive intent…[can] justify dismissal without first imposing lesser sanctions") (citation omitted). And the fact that statute of limitations may be a defense to any future claim is of no moment. The Court can count close to 300 days of complete inactivity by Plaintiff reflected on the docket. [*See* time periods between docket entries 7 and 24, 19 and 20, and 34 and 37.] Any blame for the running of the statute of limitations lies with Plaintiff.

"[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *GCIU Employer Retirement Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (quotation omitted). The undersigned presently has 427 pending cases, and expects the parties to diligently pursue the matters before her. The Court has no capacity to engage in serial prompting and scolding to encourage a plaintiff to pursue the very lawsuit it initiated.

### III.
### CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Plaintiffs' Objection, [dkt. 37], and **ADOPTS** the Magistrate Judge's Report and Recommendation, [dkt. 36], as discussed herein. The case is **DISMISSED WITHOUT PREJUDICE.**

Date: <u>March 14, 2016</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**<u>Distribution via ECF only:</u>**

Charlie William Gordon
GREENE & COOPER PSC
cgordon@greenecooper.com

5